IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| DAVID J. GIBSON, #27832-048, ) ) Petitioner, ) ) v. ) ) ) ) WARDEN, JOHN R. OWEN, ) ) Respondent. ) ) | Civil Action No. 3:09-1274-TLW-JRM **REPORT AND RECOMMENDATION** |

Petitioner, David J. Gibson ("Gibson"), filed a *pro se* petition for writ of habeas corpus on May 14, 2009, pursuant to 28 U.S.C. § 2241. At that time he was an inmate at FCI-Williamsburg. He has since been transferred to a half-way house. Gibson asserts that the Federal Bureau of Prisons ("BOP") has miscalculated his release date and that he is entitled to immediate release. Respondent filed a motion for summary judgment on August 25, 2009. Because Gibson is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on August 26, 2009, advising him of his responsibility to respond to the motion for summary judgment. Gibson filed his response to the motion on September 23, 2009.

1

**Discussion**

The record shows the following:

1.  Gibson was arrested on May 1, 1992, and has been in continuous federal custody since that date.

2.  On March 5, 1993, Gibson was sentenced to a term of imprisonment of 240 months.

3.  BOP performed its statutory responsibility and computed Gibson's sentence:

    a)  Gibson was awarded 308 days of prior custody credits (i.e., jail credits) for the period between his date of arrest and the date the sentence was imposed.

    b)  BOP determined that Gibson's sentence commenced on March 5, 1993, the date it was imposed.

    c)  From the date the sentence was imposed, BOP calculated that he was eligible to earn a maximum of 840 days of "Good Conduct time" ("GCT") during the term of his sentence.

4.  Gibson has not earned the maximum amount of GCT's as a result of institutional violations. At the time of the filing of this action, Gibson's projected release date was January 11, 2010.

Gibson argues that BOP has miscalculated his release date because it granted him GCT from the date of his arrest instead of the date his sentence was imposed. Respondent concedes that Gibson has exhausted his administrative remedies and that § 2241 is the proper vehicle to challenge the execution of his sentence.

2

The Attorney General of the United States, through BOP, maintains custody of federal prisoners. The Attorney General is responsible for determining the commencement of custody and the calculation of a release date. The release date is effected by the award of GCT earned during the service of the sentence.

A prisoner is entitled to credit for pre-trial detention, i.e., jail credits, pursuant to 18 U.S.C. § 3585(b). The record shows that BOP gave Gibson full credit for the 308 days he served in pretrial detention prior to the date his sentence was imposed.

A prisoner may be awarded GCT pursuant to 18 U.S.C. § 3624(b) which states:

> (b) Credit toward service of sentence for satisfactory behavior.---(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1); [Exhibit #3, ¶7].

BOP has developed a policy to implement the requirements of 18 U.S.C. § 3624(b). *See* Program Statement 5880.28 <u>Sentence Computation Manuel - CCCA</u> (Res.Mem., Ex. 4). BOP policy allows awarding of GCT "at the end of each year" based on satisfactory conduct "during that year." The Fourth Circuit has held that BOP's policy is a reasonable interpretation of 18 U.S.C. § 3624(b)

3

and is entitled to deference. Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005). In Yi the petitioner asserted that he was entitled to GCT based on the sentence imposed instead of time actually served. He argued that he was entitled to 54 days of GCT per year from the date his sentence was imposed, i.e., multiplying 54 by the length of the imposed sentence. Insofar as Gibson makes such an argument, it is foreclosed by Yi.

However, Gibson does not clearly make the same argument. He contends that credit for jail time and GCT must be calculated separately. He appears to believe that if he was awarded GCT from the date his sentence was imposed that he would receive additional GCT and an earlier release date. However, as Respondent points out, Gibson receives more GCT by using the date of his arrest as the date his sentence commenced. In any event, BOP has complied with its policy which has been judicially approved.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

January 25, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).